FILED

2011 JUN -8  PM 12: 47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY

Mark A. Romeo (State Bar No. 173007)
  mromeo@crowell.com
Wendy Sugg (State Bar No. 223335)
  wsugg@crowell.com
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, California  92614-8505
Telephone:  (949) 263-8400
Facsimile:    (949) 263-8414

Attorneys for Defendants AT&T Wireless
Services Inc., AT&T Mobility LLC, and
AT&T Corp.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CLIFTON, individually and on behalf of all others similarly situated<br><br>            Plaintiff,<br><br>    v.<br><br>AT&T WIRELESS SERVICES INC., AT&T MOBILITY LLC, AT&T CORP., and DOE ONE through and including ONE HUNDRED,<br><br>            Defendants. | Case No. _____ **EDCV 11-00904 VAP (OPx)**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION)**<br><br><br>Action Filed:    May 5, 2011<br>Trial Date:      None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331,1441, and 1446, Defendants AT&T Wireless Services Inc. (now known as New Cingular Wireless Services, Inc.), AT&T Mobility LLC, and AT&T Corp. ("Defendants") hereby give notice of the removal of this action from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California. Defendants state the following grounds for removal:

## PROCEDURAL BACKGROUND

On or about May 5, 2011, plaintiff Carlos Clifton ("Clifton"), "individually and on behalf of all others similarly situated," filed a complaint against Defendants AT&T Wireless Services Inc., AT&T Mobility LLC, AT&T Corp., and Does 1-100 in the Superior Court of the State of California for the County of Riverside as case number RIC 1107945 (the "Complaint"). The Complaint alleged five causes of action: (1) violation of California Labor Code §§ 510 and 1194 for failure to pay minimum wage and overtime compensation; (2) violation of California Labor Code §§ 226.7 and 512 for failure to provide required meal and rest periods; (3) violation of California Labor Code § 226(a) for failure to provide wage statements; (4) violation of California Labor Code §§ 201, 202, and 203 for failure to pay all wages due to discharged or quitting employees; and (5) violation of Business and Professions Code § 17200.

On or about June 6, 2011, Clifton filed a First Amended Complaint ("FAC") against the same defendants. The FAC is an individual action that alleges just one cause of action under the Fair Labor Standards Act ("FLSA"): violation of 29 U.S.C. §§ 206 and 207 for failure to pay minimum wages and overtime. Plaintiff asserts no other claims. A true and correct copy of the FAC is attached hereto as Exhibit 1.

On or about June 7, 2011, Defendants answered the FAC. A true and correct copy of Defendants' Answer is attached hereto as Exhibit 2.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-        DEFENDANTS' NOTICE OF REMOVAL OF ACTION

**TIMELINESS OF REMOVAL**

Pursuant to 28 U.S.C. section 1446, a defendant desiring to remove a civil action from state court may do so by filing a notice of removal in the district court of the United States for the district and division where the action is pending within thirty days of receiving plaintiff's initial pleading.  28 U.S.C. § 1446(a) & (b).  On May 9, 2011, Plaintiff served a copy of the Complaint on Defendants AT&T Corp. and AT&T Mobility LLC.  On June 6, 2011, Plaintiff served a copy of FAC on Defendants AT&T Corp. and AT&T Mobility LLC.  True and correct copies of the Complaint and Proofs of Service of Summons served on Defendants are attached hereto as Exhibits 3 and 4, respectively.  The filing of this Notice of Removal is therefore timely pursuant to 28 U.S.C. section 1446(b).

**FEDERAL QUESTION JURISDICTION**

This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331 and may be removed to this Court pursuant to 28 U.S.C. § 1441.

Plaintiff's only claim in the FAC arises under the FLSA, which gives the Court original jurisdiction under 28 U.S.C. § 1331 as a civil action arising under the laws of the United States.  *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694-95, 155 L. Ed. 2d 923, 123 S. Ct. 1882 (2003) (district courts have original jurisdiction over FLSA claims).  Plaintiff does not assert any claims arising under state law.  Defendants therefore remove this case to this Court pursuant to 28 U.S.C. § 1331 and the provisions set forth in 28 U.S.C. § 1441.

**COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS**

Defendants hereby provide this Court with copies of all process, pleadings, and orders known by Defendants to have been filed in this action (attached hereto as Exhibits 1-5), as required by 28 U.S.C. § 1446(a).  Defendants are not aware of any process, pleadings, or orders besides that which have been attached hereto as Exhibits 1-4.

1   Pursuant to Federal Rule of Civil Procedure 7.1 and Central District of

2   California Local Rule 7.1-1, Defendants concurrently file a Notice of Interested

3   Parties.  Pursuant to Central District of California Local Rule 83-1.3, Defendants

4   also concurrently file a Notice of Related Cases.

5   Promptly after the filing of this Notice of Removal, Defendants will give

6   written notice of the filing to plaintiff as required by 28 U.S.C. § 1446(d).  A copy

7   of this Notice will also be filed with the clerk of the Superior Court of the State of

8   California for the County of Riverside as required by 28 U.S.C. § 1446(d).

9   WHEREFORE, Defendants pray that the above action now pending against

10  them in the Superior Court of the State of California for the County of Riverside be

11  removed from this Court.  This Notice of Removal is made in accordance with the

12  provisions of Rule 11 of the Federal Rules of Civil Procedure.

13

14  Dated:     June 7, 2011              Respectfully submitted,

15                                      CROWELL & MORING LLP

16

17                                      By:   _____

18                                            Mark A. Romeo
                                              Wendy Sugg
19                                            Attorneys for Defendants AT&T
                                              Wireless Services Inc., AT&T Mobility
20                                            LLC, and AT&T Corp.

21

22

23

24

25

26

27

28

# Exhibit 1

1  Jonathan Ricasa (SBN 223550)
   LAW OFFICE OF JONATHAN RICASA
2  2341 Westwood Boulevard, Suite 7
   Los Angeles, California 90064
3  Telephone:  424.248.0510
   Facsimile:  424.204.0652
4  jricasa@ricasalaw.com

5  Attorney for Plaintiff

6

7

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 0 6 2011

L. SIRACUSA

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF RIVERSIDE

10                  RIVESIDE HISTORIC COURTHOUSE        FILED BY FAX
                                                        CRC 2005
11

12  CARLOS CLIFTON, individually and on      )   Case No. RIC 1107945
    behalf of all others similarly situated,  )
13                                            )   Unlimited Civil Case Over $25,000
                   Plaintiff,                 )
14                                            )   **FIRST AMENDED COMPLAINT**
          v.                                  )
15                                            )   Hon. Sharon J. Waters
    AT&T WIRELESS SERVICES INC.,              )   Dept. 10
16  AT&T MOBILITY LLC, AT&T CORP.,            )
    and DOE ONE through and including DOE     )   1.   Fair Labor Standards Act, 29 U.S.C.
17  ONE HUNDRED,                              )        §§ 206, 207—Minimum Wage and
                                              )        Overtime
18                                            )
                                              )   DEMAND FOR JURY TRIAL
19                 Defendants.                )
                                              )   Complaint Filed: May 5, 2011
20                                            )   Trial Date: None
                                              )
21                                            )
                                              )
22                                            )
                                              )
23                                            )
                                              )
24                                            )
25

26

27

28

1   COMES NOW Plaintiff, and for his causes of action against Defendants, alleges:

2   **PARTIES AND JURISDICTION**

3       1.      Plaintiff Carlos Clifton is an individual who, during the time periods relevant to this

4   Complaint, was employed by AT&T at its retail stores in Lake Elsinore, Murrieta, and Temecula, within

5   the County of Riverside.

6       2.      Defendants were and are doing business in the State of California, including the County

7   of Riverside.  At all relevant times herein, Defendants served as the employer of Plaintiff.

8   Defendants operate wireless stores dispersed throughout Northern and Southern California.  Upon

9   information and belief, Defendants operate more than 200 wireless stores in California.  Each California

10  store employs many retail workers at any given time, and experiences high employee turnover.

11      3.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as

12  Does One through One Hundred, but Plaintiff will seek leave to amend this Complaint to allege their

13  true names and capacities once they are ascertained.  Upon information and belief, Plaintiff makes

14  all allegations contained in this Complaint against all of the Defendants, including Doe One through

15  One Hundred.

16  **FACTUAL BACKGROUND**

17      4.      This Complaint asserts claims against AT&T Wireless Services Inc., AT&T

18  Mobility LLC, and AT&T Corp. (collectively "AT&T") for violations of the Fair Labor Standards

19  Act ("FLSA").  Plaintiff seeks damages, and the costs of suit, including reasonable attorney's fees,

20  against Defendant on account of violations of the FLSA, as alleged in greater detail below.

21      5.      AT&T employed Clifton in California as an assistant store manager from in or about

22  March 1995 through in or about December 2010.  Clifton was paid hourly.

23      6.      All AT&T assistant store managers are subject to identical or nearly-identical policies

24  and procedures related to employee compensation.  AT&T maintains a highly standardized human

25  resources and management structure.  AT&T's company-wide policies are developed at the company's

26  headquarters, and communicated down to the retail store level.  These systematic and companywide

27  policies originating at the corporate level were a cause of the illegal pay practices.

28      7.      Assistant store managers are classified as non-exempt by AT&T and entitled to receive

Ex.1, Pg. 5

overtime pay.  Assistant store managers are paid an hourly wage.

8.      Assistant store managers share a common chain of command.  Assistant store managers report to a store manager.

9.      Assistant store managers share common job duties and descriptions and are all subject to AT&T's policy and practice that requires them to perform work, including overtime, without compensation.

10.     AT&T's policy and practice is to deny earned wages, including overtime pay, to its assistant store managers at its wireless stores in California.  In particular, AT&T requires its employees to be present and perform work in excess of forty hours per work week but fails to pay them overtime accordingly, and further fails to pay for all straight time hours worked.

11.     At all relevant times mentioned herein, 29 U.S.C. § 216 provided:

Any employer who violates the provisions of section 6 or section 7 of this Act [29 U.S.C. §§ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).

12.     At all relevant times mentioned herein, the FLSA provided:

Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:  . . . not less than [the minimum wage].

29 U.S.C. § 206(a).

13.     Throughout the relevant period when Clifton served as an assistant store manager for Defendants, he was provided with an AT&T Blackberry and was required to review and respond to AT&T-related emails and text messages at all hours of the day, whether or not he was punched into AT&T's computer-based timecard system called Chronos.  He was also required to take and place telephone calls to other AT&T personnel and customers relating to store timesheet issues, staffing and scheduling, sales, discounting of merchandise, pricing programs, customer satisfaction concerns and other AT&T business concerns.  He was required to participate on frequent conference calls which were held outside of his normally scheduled business hours (during which he was not "punched-in" to the

AT&T timesheet program) and he was often required to work while he was "punched out" for lunch and to perform other work for AT&T, for which he was not paid any compensation.

14.     In addition to requiring Clifton to review and respond to emails and texts, to take and place telephone calls and to participate on conference calls, he was also required to review voluminous corporate and product information and to prepare for special events, such as the launch of each generation of the iPhone and to perform general work for AT&T. He was required to perform much of this work outside of his normally-scheduled work hours and he received no compensation for the hours that he worked for AT&T outside of his normally-scheduled work hours.

15.     While Clifton was classified as a non-exempt hourly employee, he was typically required to spend approximately 15-20 hours per week reviewing and responding to email, texts, phone calls, participating on conference calls, studying, reviewing product information and corporate policies and performing other work for AT&T for which he was not paid any compensation.

16.     Throughout the relevant time period, Clifton was required to respond to emails, texts, phone calls, participate on conference calls, attend staff meetings, attend training sessions, and to review AT&T materials on his days off of work and at times that he was not "punched in" to the AT&T timesheet program. Because he was not punched into the timesheet program, he did not receive regular wages or overtime compensation for work performed.

17.     While Clifton complained to his store manager regarding the issue, he was told that there was nothing that he could do, that he would just have to accept working the extra hours, that management did not want to hear complaints from assistant store managers about having to work extra hours without compensation, that it was a part of AT&T's standard business practices, and that he was not allowed to put in for overtime for such work performed outside of regularly scheduled business hours.

18.     By failing to pay Plaintiff for all work performed outside of regularly scheduled business hours, Defendants violated the FLSA by failing to provide minimum wages and overtime.

19.     Plaintiff, while working as an assistant store manager, was required to work through his meal periods. Throughout the relevant period, Clifton frequently picked up lunch, ate for 15 minutes,

and immediately returned to the AT&T store to cover the floor and continue to work throughout his "lunch break," notwithstanding the fact that he was required to punch out for at least a 30 minute "lunch period." He was required to perform work for which he was not paid wages or overtime compensation.

20.     In a typical AT&T store, very few employees are given the authority to, *inter alia*, open and close the store and process refunds. These employees are store managers and assistant store managers. It is AT&T's policy that there be at least one store manager or assistant store manager on-duty at all times. Therefore, if as assistant store manager is scheduled to work alone without a store manager or other assistant store manager, it is impossible for that assistant store manager to take his or her legally mandated meal periods and rest periods. On several occasions, Plaintiff was prevented from enjoying meal periods and rest periods. AT&T's employment records will reveal those instances during which Plaintiff was working alone without any other store manager or assistant store manager and precluded from enjoying his or her break.

21.     AT&T has a policy and practice of inaccurately recording and/or encouraging the mis-recording of wages earned by Plaintiff on account of him being required to work through meal periods. As a result, Plaintiff was routinely denied credit for all wages earned and, therefore, was denied proper compensation for all hours worked as well as compensation for working through his meal periods.

22.     AT&T used a centralized timekeeping system to record the hours worked by Clifton.

23.     AT&T's timekeeping system records should readily be available.

24.     AT&T engaged in systematic and uniform timekeeping practices with respect to Clifton that were unlawful, unfair and deceptive to Clifton.

25.     The net effect of AT&T's policy and practice, instituted and approved by company managers, is that it willfully fails to pay minimum wage and overtime compensation and willfully fails to keep accurate time records, in order to save payroll costs. AT&T enjoyed ill-gained profits at the expense of Clifton.

## FIRST CAUSE OF ACTION

(Fair Labor Standards Act, 29 U.S.C. § 216, Failure to Pay Minimum Wage and Overtime)

26.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

27.     During his employment with Defendants, Plaintiff was not paid in accordance with the FLSA, 29 U.S.C. §§ 206 and 207, in that he was not paid wages for the work he performed. Accordingly, he is entitled to the damages specified by 29 U.S.C. § 216.  Plaintiff is owed unpaid minimum and overtime wages and liquidated damages in an amount in excess of $175,000 or in an amount according to proof.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.     With respect to the First Cause of Action, that the Court enter judgment in favor of Plaintiff in the amount of $175,000 or in an amount according to proof, as well as attorney's fees and costs of suit, pursuant to 29 U.S.C. § 216.

2.     For such further relief as the Court may order.

Plaintiff requests a trial by jury as to all causes of action.


DATED:  June 6, 2011                                    LAW OFFICE OF JONATHAN RICASA



                                                        Jonathan Ricasa
                                                        *Attorney for Plaintiff*

**SUM-100**

# SUMMONS
*ON FIRST AMENDED COMPLAINT*
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AT&T WIRELESS SERVICES INC., AT&T MOBILITY LLC, AT&T
CORP., and DOE ONE through and including DOE ONE HUNDRED,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CARLOS CLIFTON, individually and on behalf of all others similarly
situated,

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 06 2011

I. SIRACUSA

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Riverside Superior Court

Riverside Historic Courthouse
4050 Main Street, Riverside, California 92501

CASE NUMBER:
*(Número del Caso):*

RIC 1107945

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Ricasa, 2341 Westwood Boulevard, Suite 7, Los Angeles, CA 90064

DATE: June 6, 2011        JUN 06 2011        Clerk, by _____ I. Siracusa _____, Deputy
*(Fecha)*                                   *(Secretario)*                                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit 2**

1   Mark A. Romeo (State Bar No. 173007)
      mromeo@crowell.com
2   Wendy Sugg (State Bar No. 223335)
      wsugg@crowell.com
3   CROWELL & MORING LLP
    3 Park Plaza, 20th Floor
4   Irvine, California 92614-8505
5   Telephone:    (949) 263-8400
    Facsimile:    (949) 263-8414
6
7   Attorneys for Defendants AT&T Wireless Services Inc.,
    AT&T Mobility LLC, and AT&T Corp.
8
9
10              SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                         COUNTY OF RIVERSIDE
12

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 07 2011

A. Sanchez

| | |
|---|---|
| 13  CARLOS CLIFTON, individually and on behalf of all others similarly situated, | CASE NO. RIC 1107945   BY FAX |
| 14 | Hon. Sharon J. Waters, Dept. 10 |
| 15                Plaintiff, | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| 16          v. | |
| 17  AT&T WIRELESS SERVICES INC., AT&T MOBILITY LLC, AT&T CORP., and DOE ONE through and including ONE HUNDRED, | Action Filed:    May 5, 2011 Trial Date:     None Set |
| 18 | |
| 19                Defendants. | |

20
21
22
23
24
25
26
27
28

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

Defendants' Answer to Plaintiff's First Amended Complaint
Case No. RIC 1107945

1   Defendants AT&T Wireless Services Inc., AT&T Mobility LLC (now known as New

2   Cingular Wireless Services, Inc.), and AT&T Corp. hereby answer the unverified Complaint of

3   Plaintiff Carlos Clifton ("Plaintiff") as follows:

### GENERAL DENIAL

5   Pursuant to California Code of Civil Procedure section 431.30(d), Defendants answer the

6   Complaint by denying each and every material allegation of the Complaint and each and every

7   purported cause of action contained therein, and by denying that Plaintiff is entitled to any of the

8   relief sought therein.  Defendants further deny that Plaintiff has been damaged in any way, or that

9   he is entitled to any form of equitable relief.

### AFFIRMATIVE DEFENSES

11   Without admitting any of the allegations of the Amended Complaint, Defendants assert the

12   following separate and distinct affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

15   1.   The claims of Plaintiff are barred, in whole or in part, because Plaintiff's Complaint

16   fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Complaint is Uncertain)

19   2.   The Complaint is vague, uncertain, ambiguous, and unintelligible with respect to

20   allegations material to each of Plaintiff's asserted causes of action, and therefore is insufficient to

21   apprise Defendants of the issues they are to meet.

### THIRD AFFIRMATIVE DEFENSE

### (Standing)

24   3.   Plaintiff lacks standing to assert the claims alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

### (No Duty)

27   4.   The claims alleged in the Amended Complaint are barred because Defendants did

28   not owe a legal duty to Plaintiff or, if any legal duty arose, it was not breached by Defendants.

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA • 92614-8505
(949) 263-8400

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Meet Reasonable Expectations)

5.    The claims of Plaintiff fail because Plaintiff's job performance diverged from Defendants' reasonable expectations.

## SIXTH AFFIRMATIVE DEFENSE

### (No Injury)

6.    The claims of Plaintiff are barred because Plaintiff has not suffered any cognizable damage or other harm as a result of any act or omission of Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

7.    The claims of Plaintiff are barred in whole or in part because Defendants had an honest, good faith belief that all decisions, if any, affecting Plaintiff were made by Defendants solely for legitimate, business-related reasons that were not arbitrary, capricious, or unlawful and were reasonably based upon the facts as Defendants understood them.

## EIGHTH AFFIRMATIVE DEFENSE

### (Conduct Not Unlawful)

8.    The claims of Plaintiff and the alleged class members are barred because any alleged conduct of Defendants was not unlawful, as Defendants sought to and did comply in good faith with the applicable law including, without limitation, applicable labor rules and regulations.

## NINTH AFFIRMATIVE DEFENSE

### (No Knowledge, Authorization, or Ratification)

9.    Defendants are not liable for Plaintiff's alleged damages because if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, such conduct was undertaken without Defendants' knowledge, authorization, or ratification.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949)263-8400

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

## TENTH AFFIRMATIVE DEFENSE

### (De Minimis)

10.     Defendants are not liable for Plaintiff's alleged damages since such damage, if any, was de minimis because Defendants acted in good faith and was in substantial compliance with the law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

11.     The Complaint fails to state facts sufficient to entitle Plaintiff to an award of attorneys' fees under applicable provisions of law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Directions)

12.     The claims of Plaintiff fail because Plaintiff was required to substantially comply with Defendant's directions concerning the work in which Plaintiff was engaged, including Defendant's directions pertaining to recordation of hours worked and meal and rest break compliance, and Plaintiff failed to substantially comply with Defendant's directions, even though such compliance was possible, lawful, and not unreasonably burdensome.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent)

13.     The claims of Plaintiff are barred by the doctrine of consent.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Justification and Privilege)

14.     Plaintiff's claims are barred, in whole or in part, because Defendants' actions with respect to the subject matters in each of the alleged causes of action were undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further the sole purpose of Defendants to engage in and continue lawful business activities.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

15.     To the extent that Plaintiff has suffered any damages, which Defendants expressly deny, he has failed to take reasonable steps to mitigate these purported damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

16.     The claims of Plaintiff are barred, in whole or in part, because Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries allegedly suffered.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

17.     The claims of Plaintiff are barred by the doctrine of estoppel.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

18.     Plaintiff is barred from recovering under the Complaint because his damages, if any, are speculative, vague, based on guess-work and conjecture, and are impossible to ascertain.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

19.     The claims of Plaintiff are barred by res judicata.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

20.     The claims of Plaintiff are barred, in whole or in part, because he suffered no damages as a result of the alleged wrongful conduct, or alternatively, any damages were not the legal result of any alleged wrongful conduct on the part of Defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Comparative Fault/Apportionment)

21.     The damages purportedly suffered by Plaintiff, if any, proximately resulted from the negligence, carelessness, recklessness, lack of due care, wrongful conduct, and/or fault of

1  parties, persons, and/or entities other than Defendants, and the liability of Defendants, if any, is

2  limited in direct proportion to the percentage of fault actually attributed to them.

3  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

4  **(Frivolous, Unreasonable and Groundless Lawsuit)**

5      22.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's Complaint is

6  frivolous, unreasonable, and groundless, and accordingly, pursuant to California Code of Civil

7  Procedure Section 128.7, Defendants are entitled to attorneys' fees and other costs associated with

8  the defense of this action.

9  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

10  **(Statute of Limitations)**

11      23.    The claims of Plaintiff are barred in whole or in part by the applicable statutes of

12  limitation, including without limitation, 29 U.S.C. § 255(a).

13  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

14  **(Public Policy)**

15      24.    This action may be barred, in whole or in part, by considerations of public policy.

16  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

17  **(Failure to Exhaust Administrative Remedies)**

18      25.    Plaintiff has failed to exhaust remedies available under statutes, regulations, rules

19  and procedures relating to the matters alleged in the Complaint, and is barred by reason of his

20  failure to do so.

21  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

22  **(Waiver)**

23      26.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

24  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

25  **(Laches)**

26      27.    The claims of Plaintiff are barred by the doctrine of laches.

27

28

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Release)

28.     The claims of Plaintiff are barred by the doctrine of release.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Reservation)

29.     Defendants reserve the right to allege other affirmative defenses as they become known during the course of discovery, and hereby specifically reserves the right to amend its answer to allege said affirmative defenses at such time as they become known.

## PRAYER

**WHEREFORE,** Defendants pray for judgment as follows:

1.      That the Complaint be dismissed with prejudice;

2.      That Plaintiff take nothing by reason of the Complaint or otherwise, and that judgment be entered in favor of Defendants;

3.      That Defendants be awarded their costs of suit incurred herein, including reasonable attorneys' fees; and,

4.      For such other and further relief that this Court may deem just and proper.

DATED:  June 7, 2011                     CROWELL & MORING LLP


                                          By:  _____
                                                Mark A. Romeo
                                                Wendy Sugg
                                                Attorneys for Defendant AT&T Wireless Services,
                                                Inc., AT&T Mobility LLC and AT&T Corp.

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 3 Park Plaza, 20th Floor, Irvine, California 92614-8505.

On June 7, 2011, I served true copies of the following document(s) described as

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Crowell & Moring LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 7, 2011, at Irvine, California.

Debra A. Jackson

Defendants' Answer to Plaintiff's First Amended Complaint
Case No. RIC 1107945

Ex.2, Pg. 18

1

## SERVICE LIST
## CARLOS CLIFTON v. AT&T WIRELESS SERVICES INC., et al.

2

| | |
|---|---|
| Jonathan Ricasa, Esq.<br>LAW OFFICE OF JONATHAN RICASA<br>2341 Westwood Blvd., Suite 7<br>Los Angeles, CA 90064<br>Telephone: 424-248-0510<br>Fax: 424-204-0652<br>E-mail: iricasa@ricasalaw.com<br>49769201 | Attorneys for Plaintiff<br>Carlos Clifton |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

crowell moring

3 Park Plaza, 20ᵗʰ Floor
Irvine, CA 92614-8505
(949) 263-8400

**Exhibit 3**



1   Jonathan Ricasa (SBN 223550)
    LAW OFFICE OF JONATHAN RICASA
2   2341 Westwood Boulevard, Suite 7
    Los Angeles, California 90064
3   Telephone: 424.248.0510
    Facsimile: 424.204.0652
4   jricasa@ricasalaw.com

5   Attorney for Plaintiff

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF RIVERSIDE

10                          TEMECULA COURTHOUSE

11

12  CARLOS CLIFTON, individually and on        )   Case No.
    behalf of all others similarly situated,   )
13                                             )   Unlimited Civil Case Over $25,000
                    Plaintiff,                  )
14                                             )   **COMPLAINT**
            v.                                  )
15                                             )   [CLASS ACTION]
    AT&T WIRELESS SERVICES INC.,               )
16  AT&T MOBILITY LLC, AT&T CORP.,             )   1.   Cal. Lab. Code §§ 510, 1194, Recovery of
    and DOE ONE through and including DOE      )        Unpaid Minimum Wage and Overtime
17  ONE HUNDRED,                                )
                                               )   2.   Cal Lab. Code §§ 226.7, 512—Meal Period
18                                             )        and Rest Period Violations
                    Defendants.                 )
19                                             )   3.   Cal. Lab. Code § 226(a), (e), Failure to
                                               )        Provide Paystubs
20                                             )
                                               )   4.   Cal. Lab. Code §§ 201, 202 and 203—
21                                             )        Timely Payment of Final Wages
                                               )
22                                             )   5.   Cal. Bus. & Prof. Code § 17200 *et seq.*—
                                               )        Disgorgement of Profits
23                                             )
                                                   DEMAND FOR JURY TRIAL
24

25

26                                                       FILED BY FAX
                                                          CRC 2005
27

28

                                    1
                                COMPLAINT

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
MAY 05 2011
A. Sanchez

RIC   1107945

1   COMES NOW Plaintiff, and for his causes of action against Defendants, alleges:

2                          **PARTIES AND JURISDICTION**

3        1.      Plaintiff Carlos Clifton is an individual who, during the time periods relevant to this

4   Complaint, was employed by AT&T at its retail stores in Lake Elsinore, Murrieta, and Temecula, within

5   the County of Riverside.

6        2.      Defendants were and are doing business in the State of California, including the County

7   of Riverside.  At all relevant times herein, Defendants served as the employer of Plaintiff and

8   class members.  Defendants operate wireless stores dispersed throughout Northern and Southern

9   California.  Upon information and belief, Defendants operate more than 200 wireless stores in

10  California.  Each California store employs many retail workers at any given time, and experiences high

11  employee turnover.

12       3.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as

13  Does One through One Hundred, but Plaintiff will seek leave to amend this Complaint to allege their

14  true names and capacities once they are ascertained.  Upon information and belief, Plaintiff makes

15  all allegations contained in this Complaint against all of the Defendants, including Doe One through

16  One Hundred.

17                          **FACTUAL BACKGROUND**

18       4.      This Complaint asserts claims against AT&T Wireless Services Inc., AT&T

19  Mobility LLC, and AT&T Corp. (collectively "AT&T") for violations of California Labor Code

20  sections 201, 202, 203, 226, 226.7, 510, 512, 1174, 1174.5, 1194 and 1198 of the California Labor Code,

21  violations of 8 California Code of Regulations section 11070, violations of Industrial Welfare

22  Commission wage order No. 2001-7, and violations of section 17200 *et seq.* of the California Business

23  and Professions Code.

24       5.      All AT&T assistant store managers are subject to identical or nearly-identical policies

25  and procedures related to employee compensation.  AT&T maintains a highly standardized human

26  resources and management structure.  AT&T's company-wide policies are developed at the company's

27  headquarters, and communicated down to the retail store level.  These systematic and companywide

28  policies originating at the corporate level were a cause of the illegal pay practices.

6.      Assistant store managers are classified as non-exempt by AT&T and entitled to receive overtime pay.  Assistant store managers are paid an hourly wage.

7.      Assistant store managers share a common chain of command.  Assistant store managers report to a store manager.

8.      Assistant store managers are similarly situated in that they share common job duties and descriptions and are all subject to AT&T's policy and practice that requires them to perform work, including overtime, without compensation.

9.      AT&T's policy and practice is to deny earned wages, including overtime pay, to its assistant store managers at its wireless stores in California.  In particular, AT&T requires its employees to be present and perform work in excess of eight hours per day and/or forty hours per work week but fails to pay them overtime accordingly, and further fails to pay for all straight time hours worked.  Also, AT&T fails to timely compensate such employees for all wages earned at termination, and fails to properly and accurately calculate overtime and report wages earned, and hours worked.

10.      Most store locations have at least one assistant store manager.

11.      AT&T employed Clifton in California as an assistant store manager from in or about March 1995 through in or about December 2010.  Clifton was paid hourly.

12.      At all relevant times mentioned herein, section 510 (a) of the California Labor Code provided, in part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

Cal. Lab. Code § 510(a).

13.      Section 1194 of the California Labor Code provided:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the

1    employee is entitled to recover in a civil action the unpaid balance of the full amount of
2    this minimum wage or overtime compensation, including interest thereon, reasonable
     attorney's fees, and costs of suit.

3    Cal. Lab. Code § 1194(a).

4         14.    Throughout the relevant period when Clifton served as an assistant store manager for

5    Defendants, he was provided with an AT&T Blackberry and was required to review and respond to

6    AT&T-related emails and text messages at all hours of the day, whether or not he was punched into

7    AT&T's computer-based timecard system called Chronos.  He was also required to take and place

8    telephone calls to other AT&T personnel and customers relating to store timesheet issues, staffing and

9    scheduling, sales, discounting of merchandise, pricing programs, customer satisfaction concerns and

10   other AT&T business concerns.  He was required to participate on frequent conference calls which were

11   held outside of his normally scheduled business hours (during which he was not "punched-in" to the

12   AT&T timesheet program) and he was often required to work while he was "punched out" for lunch and

13   to perform other work for AT&T, for which he was not paid any compensation.

14        15.    In addition to requiring Clifton to review and respond to emails and texts, to take and

15   place telephone calls and to participate on conference calls, he was also required to review voluminous

16   corporate and product information and to prepare for special events, such as the launch of each

17   generation of the iPhone and to perform general work for AT&T.  He was required to perform much of

18   this work outside of his normally-scheduled work hours and he received no compensation for the hours

19   that he worked for AT&T outside of his normally-scheduled work hours.

20        16.    While Clifton was classified as a non-exempt hourly employee, he was typically required

21   to spend approximately 15-20 hours per week reviewing and responding to email, texts, phone calls,

22   participating on conference calls, studying, reviewing product information and corporate policies and

23   performing other work for AT&T for which he was not paid any compensation.

24        17.    Throughout the relevant time period, Clifton was required to respond to emails, texts,

25   phone calls, participate on conference calls, attend staff meetings, attend training sessions, and to

26   review AT&T materials on his days off of work and at times that he was not "punched in" to the

27   AT&T timesheet program.  Because he was not punched into the timesheet program, he did not

28   receive regular wages or overtime compensation for work performed.

**4**
**COMPLAINT**

18.     While Clifton complained to his store manager regarding the issue, he was told that there was nothing that he could do, that he would just have to accept working the extra hours, that management did not want to hear complaints from assistant store managers about having to work extra hours without compensation, that it was a part of AT&T's standard business practices, and that he was not allowed to put in for overtime for such work performed outside of regularly scheduled business hours.

19.     By failing to pay Plaintiff for all work performed outside of regularly scheduled business hours, Defendants violated the California Labor Code by failing to provide minimum wages and overtime.  Plaintiff's wages were due at discharge.  After that, minimum wages and overtime wages are unpaid.

20.     Plaintiff, while working as an assistant store manager, was prevented from enjoying meal periods and rest periods required by law.

21.     The right to rest periods has been codified in sections 226.7 and 512 of the California Labor Code.  At all relevant times mentioned herein, section 226.7 provided:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Lab. Code § 226.7.

22.     At all times relevant herein, the Industrial Welfare Commission wage order No. 2001-7, codified as section 11070 of 8 California Code of Regulations, provided, in relevant part:

11. Meal Periods
(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.
(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

(E) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

12. Rest Periods

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

8 Cal. Code Regs. § 11070.

23.   Throughout the relevant period, Clifton frequently picked up lunch, ate for 15 minutes, and immediately returned to the AT&T store to cover the floor and continue to work throughout his "lunch break," notwithstanding the fact that he was required to punch out for at least a 30 minute "lunch period." He was required to perform work for which he was not paid wages or overtime compensation.

24.   In a typical AT&T store, very few employees are given the authority to, *inter alia*, open and close the store and process refunds. These employees are store managers and assistant store managers. It is AT&T's policy that there be at least one store manager or assistant store manager on-duty at all times. Therefore, if as assistant store manager is scheduled to work alone without a store manager or other assistant store manager, it is impossible for that assistant store manager to take his or her legally mandated meal periods and rest periods. On several occasions, Plaintiff was prevented from enjoying meal periods and rest periods. Plaintiff and other assistant store managers were not provided with an additional hour of pay for each workday that the meal period and/or rest period was not properly

provided.  AT&T's employment records will reveal those instances during which an assistant store

manager was working alone and precluded from enjoying his or her break.

   25.  AT&T's failure to pay Plaintiff and other assistant store managers for working through

meal periods and rest periods systematically violated the mandatory requirements of sections 226.7 and

512 of the California Labor Code and Industrial Welfare Commission wage order No. 2001-7, codified

as section 11070 of 8 California Code of Regulations.

   26.  AT&T has a policy and practice of inaccurately recording and/or encouraging the mis-

recording of wages earned by employees on account of their being required to work through meal

periods.  As a result, employees are routinely denied credit for all wages earned and, therefore, are

denied proper compensation for all hours worked as well as compensation for missed meal periods.

   27.  Section 1198 of the California Labor Code provided:

> The maximum hours of work and the standard conditions of labor fixed by the
> commission shall be the maximum hours of work and the standard conditions of labor for
> employees.  The employment of any employee for longer hours than those fixed by the
> order or under conditions of labor prohibited by the order is unlawful.

Cal. Lab. Code § 1198.

   28.  In light of AT&T's failure to accurately record time worked, AT&T failed to provide

accurate wage statements to assistant store managers identifying all hours worked.

   29.  At all relevant times mentioned herein, section 226 of the California Labor Code

provided:

> (a) Every employer shall, semimonthly or at the time of each payment of wages,
> furnish each of his or her employees, either as a detachable part of the check, draft, or
> voucher paying the employee's wages, or separately when wages are paid by personal
> check or cash, an accurate itemized statement in writing showing (1) gross wages earned,
> (2) total hours worked by the employee, except for any employee whose compensation is
> solely based on a salary and who is exempt from payment of overtime under subdivision
> (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the
> number of piece-rate units earned and any applicable piece rate if the employee is paid on
> a piece-rate basis, (4) all deductions, provided that all deductions made on written orders
> of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the
> inclusive dates of the period for which the employee is paid, (7) the name of the
> employee and his or her social security number, except that by January 1, 2008, only the
> last four digits of his or her social security number or an employee identification number
> other than a social security number may be shown on the itemized statement, (8) the
> name and address of the legal entity that is the employer, and (9) all applicable hourly

rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . .

Cal. Lab. Code § 226.

30.     During his employment with Defendants, Plaintiff was systematically deprived of wage statements that complied with the requirements of section 226 of the California Labor Code.

31.     Defendants have a common policy and practice of willfully failing to pay wages promptly upon its employees' termination or resignation.

32.     California Labor Code sections 201 and 202 provided that employees must receive wages earned and unpaid promptly upon termination or resignation.  At all relevant times mentioned herein, the relevant portion of section 201(a) of the California Labor Code provided:  "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Cal. Lab. Code § 201(a).

33.     At all relevant times mentioned herein, the relevant portion of section 202(a) of the California Labor Code provided: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter."  Cal. Lab. Code § 202(a).

34.     At all relevant times mentioned herein, section 203 of the California Labor Code provided:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commenced; but the wages shall not continue for more than 30 days.

**8**
COMPLAINT

Cal. Lab. Code § 203.

35.     Plaintiff was discharged from his employment in or about December 2010. Plaintiff was not paid all his wages at the time of discharge.

36.     Because Defendants willfully failed to pay wages earned on account of Plaintiff's work, Defendants are liable for the statutory maximum of thirty days of continuing wages under Labor Code section 203.

37.     Defendants' conduct of willfully failing to pay wages earned and unpaid promptly upon their assistant store managers' termination or resignation violates the California Labor Code and also constitutes unfair competition and unlawful, unfair, and fraudulent acts and practices within the meaning of section 17200 et seq. of the California Business and Professions Code.

38.     All assistant store managers use a centralized timekeeping system to record their hours worked.

39.     AT&T's timekeeping system records should readily be available on a classwide basis.

40.     AT&T engaged in systematic and uniform timekeeping practices with respect to its assistant store managers that were unlawful, unfair and deceptive to its assistant store managers.

41.     The net effect of AT&T's policy and practice, instituted and approved by company managers, is that it willfully fails to pay minimum wage and overtime compensation and willfully fails to keep accurate time records, in order to save payroll costs. AT&T enjoys millions of dollars in ill-gained profits at the expense of its assistant store managers.

## CLASS-ACTION ALLEGATIONS

42.     Plaintiff brings this action individually and as a class action on behalf of four subclasses.

43.     Plaintiff seeks to represent a subclass defined as follows: All persons employed by AT&T in the State of California as an assistant store manager, at any time during the period from four years before the filing of the Complaint through the date of the filing of a motion for class certification in this case ("Overtime Pay Class").

44.     Plaintiff seeks to represent a subclass defined as follows: All persons employed by AT&T in the State of California as an assistant store manager, who worked workdays in excess of five

hours, at any time during the period from four years before the filing of the Complaint through the date of the filing of a motion for class certification in this case ("Meal Period Class").

45.    Plaintiff seeks to represent a fourth subclass defined as follows:  All persons employed by AT&T in the State of California as an assistant store manager, at any time during the period from four years before the filing of the Complaint through the date of the filing of a motion for class certification in this case, whose employment ended at any time during that period ("Overtime Pay-Continuing Wages Class").

46.    Plaintiff seeks to represent a third subclass defined as follows:  All persons employed by AT&T in the State of California as an assistant store manager, who worked workdays in excess of five hours, at any time during the period from four years before the filing of the Complaint through the date of the filing of a motion for class certification in this case, whose employment ended at any time during that period ("Meal Period-Continuing Wages Class").

47.    Plaintiff reserves the right to modify the definition of the subclasses after further discovery.

48.    Plaintiff is a member of the subclasses, as he worked as an assistant store manager for AT&T from in or about March 1995 through in or about December 2010.

49.    Plaintiff contends Defendants, as to each class member, failed to pay minimum wages when due, and Plaintiff and each class member is entitled to damages under California Labor Code section 1194.2.

50.    Plaintiff contends Defendants, as to each member of the Meal Period Class, failed to provide meal and rest periods, as required by sections 226.7 and 512 of the California Labor Code and California Code of Regulations, Title 8, section 11070, and that Defendants' failure to provide the legally mandated meal and rest periods entitles Plaintiff and each Meal Period Class Member to one additional hour of pay for each workday he or she was not provided the proper meal period and one additional hour of pay for each workday he or she was not provided the proper rest period.

51.    Plaintiff contends Defendants, as to each Overtime Pay Class Member and Meal Period Class Member, also failed to provide proper paystubs and failed to provide the data required by section 226, and that Defendants' failure to provide such data entitles Plaintiff, Overtime Pay Class Members

and Meal Period Class Members to either actual damages or statutory damages, whichever is greater. Plaintiff, Overtime Pay Class Members, and Meal Period Class Members were injured as described in section 226 of the Labor Code because Defendants' violations caused Plaintiff and the class members difficulties in verifying whether they had been paid correctly, applying for unemployment insurance and workers' compensation, and preparing their tax returns.

52.     Plaintiff contends that Defendants' failure to make wage payments within the time provided by section 201 and/or 202 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and that, accordingly, each Overtime Pay-Continuing Wages Class Member and Meal Period-Continuing Wages Class Member who was not paid in accordance with the law is entitled to the continuing wages provided for by section 203.

53.     <u>Numerosity</u>.  The number of class members is great, believed to be in excess of 400 persons.  It therefore is impractical to join each class member as a named plaintiff.  Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

54.     <u>Ascertainability</u>.  Despite the size of the proposed classes, the class members are readily ascertainable through an examination of the records that AT&T is required by law to keep.  Likewise, the dollar amount owed to each class member is readily ascertainable by an examination of those same records.

55.     <u>Commonality</u>.  Common questions of fact and of law predominate in the class member's claims over individual issues regarding the money owed to each class member.  The questions include, but are not limited to, the following:

a.     Whether Defendants' policies and practices described in this Complaint were and are illegal.

b.     Whether the Defendants failed to keep true and accurate time records for all hours worked by assistant store managers.

c.     Whether Defendants have engaged in a common course of requiring or permitting assistant store managers to work off the clock without compensation.

d.      Whether Defendants failed to pay minimum wages and overtime to its assistant store managers in violation of sections 510 and 1194 of the California Labor Code.

e.      Whether Defendants failed to provide legally mandated meal periods to assistant store managers.

f.      Whether Defendants failed to provide legally mandated rest periods to assistant store managers.

g.      Whether Defendants failed to provide accurate itemized wage statements to assistant store managers.

h.      Whether Defendants' failure to provide accurate itemized wage statements to assistant store managers violates sections 226, 1174, and/or 1174.5 of the California Labor Code and 8 California Code of Regulations section 11070.

i.      Whether Defendants failed to pay all wages in a timely fashion upon each and every assistant store manager's discharge from or resignation of employment in violation of sections 201 and/or 202 of the California Labor Code.

j.      Whether Defendants' conduct constitutes unlawful, unfair, or fraudulent business practices.

k.      Whether Defendants' conduct constitutes unfair competition.

l.      Whether assistant store managers are entitled to restitution as a result of Defendants' conduct from not providing employees with all wages earned and unpaid promptly upon termination or resignation.

m.      Whether Defendants' misconduct as alleged herein was intentional.

56.     Community of Interest.  There is a well-defined community of interest in the questions of law and fact common to the class members.

57.     Typicality.  Plaintiff's claims are typical of the claims of the class members, which claims all arise from the same general operative facts, namely, Defendants did not compensate its employees as required by sections 201, 202, 203, 226, 226.7, 510, 512, 1174, 1174.5, 1194 and 1198 of the California Labor Code, 8 California Code of Regulations section 11070, and Industrial Welfare

Ex.3, Pg. 31

Commission Wage Order 7. The Plaintiff has no conflict of interest with the other class members and is able to represent the class members' interests fairly and adequately.

     58.   Superiority. A class action is a superior method for the fair and efficient adjudication of this controversy. The persons within the class are so numerous that joinder of all of them is impracticable. The disposition of all claims of the members of the class in a class action, rather than in individual actions, benefits the parties and the Court. The interest of the class members in controlling the prosecution of separate claims against Defendants is small when compared with the efficiency of a class action.

     59.   Adequacy of Representation. The Representative Plaintiff in this class action is an adequate representative of the class, in that the Representative Plaintiff's claims are typical of those of the class and the Representative Plaintiff has the same interest in the litigation of this case as the class members. The Representative Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class as a whole.

     60.   Manageability. Although the number of class members is great, believed to be in excess of 400 employees and former employees, the matter is manageable as a class action and the data required to establish liability and prove damages is readily available, and almost all of it is available in computerized databases.

     61.   In addition to asserting class-action claims, pursuant to California Business and Professions Code section 17200 *et seq.*, Plaintiff asserts a claim on behalf of the general public. Plaintiff seeks to require Defendants to pay restitution of all monies wrongfully obtained by it through its unfair, unlawful, and/or deceptive business practices. A representative action is necessary and appropriate because Defendants have engaged in the wrongful acts described herein as a general business practice.

## FIRST CAUSE OF ACTION

(Cal. Lab. Code §§ 510, 1194, Failure to Pay Minimum Wage and Overtime)

(On Behalf of Plaintiff and Overtime Pay Class Members)

62.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

63.     Failure of an employer to pay its employees the legal minimum wage and/or the legal overtime compensation applicable to the employer violates, *inter alia*, sections 510 and 1194 of the California Labor Code.

64.     During the relevant time period, Defendants failed to pay Plaintiff and Overtime Pay Class Members minimum wages and overtime compensation due and owing to them, and thereby violated sections 510 and 1194 of the California Labor Code.

65.     Accordingly, Plaintiff and each Overtime Pay Class Member are entitled to recover their unpaid minimum wages and overtime wages in an amount to be established by proof, liquidated damages under section 1194.2 of the California Labor Code, and their costs and attorney's fees as provided for in section 1194 of the California Labor Code.

## SECOND CAUSE OF ACTION

(Cal. Lab. Code §§ 226.7, 512, Failure to Provide Meal Periods and Rest Periods)

(On Behalf of Plaintiff and Meal Period Class Members)

66.     Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in this Complaint.

67.     During the class period, Plaintiff and the Meal Period Class Members were not provided time to take all required meal periods and rest periods during their work shifts.

68.     Accordingly, Plaintiff and each Meal Period Class Member who was not provided a legally mandated meal period and/or rest period is entitled to compensation of at least one hour of pay for each workday during which he or she was not provided the proper meal period and/or rest period.

1

### THIRD CAUSE OF ACTION

2

(Cal. Lab. Code § 226(a), (e), Failure to Provide Paystubs)

3

(On Behalf of Plaintiff, Overtime Pay Class Members, and Meal Period Class Members)

4

    69.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

5

forth in this Complaint.

6

    70.    Defendant employed Plaintiff, Overtime Pay Class Members, and Meal Period Class

7

Members but failed to provide them with the data required by section 226 of the California Labor Code.

8

Plaintiff, Overtime Pay Class Members, and Meal Period Class Members were systematically deprived

9

of wage statements that complied with the requirements of section 226 of the California Labor Code.

10

Defendant failed to provide an accurately itemized statement in writing showing, among other things,

11

the correct amount of pay for gross wages earned, hours worked, and the corresponding number of hours

12

worked at each hourly rate.  Further, Plaintiff, Overtime Pay Class Members, and Meal Period Class

13

Members were not provided a final wage statement at the time final wages were due.  Defendant's

14

failure to provide wage statements that complied with the requirements of section 226 of the California

15

Labor Code made it difficult for Plaintiff, Overtime Pay Class Members, and Meal Period Class

16

Members, *inter alia*, to apply for unemployment insurance and workers' compensation, to prepare their

17

tax returns, and to verify that they had been paid correctly.

18

    71.    Accordingly, Plaintiff and each Class Member is entitled to damages, and Plaintiff is

19

entitled to costs and attorney's fees, demand for which is hereby made in accord with the provisions of

20

section 226(e) of the California Labor Code.

21

### FOURTH CAUSE OF ACTION

22

(Cal. Lab. Code §§ 201, 202, 203, Failure to Pay Final Wages Timely)

23

(On Behalf of Plaintiff, Overtime Pay-Continuing Wages Class Members, and Meal Period-Continuing

24

Wages Class Members)

25

    72.    Plaintiff repleads, realleges, and incorporates by reference each and every allegation set

26

forth in this Complaint.

27

    73.    At all times herein relevant, Labor Code sections 201 and 202 provided that employees

28

must receive wages earned and unpaid promptly upon termination or resignation.

74.    Because Defendants have willfully failed to pay wages earned and unpaid promptly upon termination or resignation, Defendants are liable for continuing wages under Labor Code section 203.

75.    Plaintiff, Overtime Pay-Continuing Wages Class Members, and Meal Period-Continuing Wages Class Members who were discharged or quit are therefore entitled to continuing wages from the date on which his or her final wages were due until the date on which Defendants make payment of the wages, not to exceed thirty days.

## FIFTH CAUSE OF ACTION

(Violations of Section 17200 *et seq.* of the California Business and Professions Code)

(On Behalf of Plaintiff and Class Members)

76.    Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in this Complaint.

77.    Plaintiff is suing both in his individual capacity and on behalf of a class of AT&T assistant store manager employees.  Plaintiff is a proper representative because he has suffered direct harm from the illegal business practices herein alleged.

78.    Beginning at an exact date unknown to Plaintiff, Defendants have committed acts of unfair business practice as defined in Business and Professions Code section 17200 *et seq.* by engaging in the following acts and practices:  (1) failing to pay minimum wage and overtime compensation in accordance with sections 510 and 1194 of the California Labor Code, 8 California Code of Regulations section 11070, and Industrial Welfare Commission wage order No. 2001-7; (2) failing to provide legally mandated meal periods and rest periods in accordance with sections 226.7 and 512 of the California Labor Code, 8 California Code of Regulations section 11070, and Industrial Welfare Commission Wage Order 7; and (3) requiring its employees to work without paying wages earned and unpaid promptly upon termination or resignation, in violation of California Labor Code sections 201 and 202.

79.    Defendants' violation of the applicable wage order is in contravention of state law and, consequently, constitutes an unlawful business act or practice within the meaning of Business and

Professions Code section 17200 *et seq.*

80.    Labor Code section 90.5(a) articulates the public policy of this State to enforce minimum labor standards vigorously.

81.    Through the wrongful and illegal conduct alleged herein, Defendants have acted contrary to the public policy of this State.

82.    As a result of Defendants' violations of the UCL, Defendants have unjustly enriched itself at the expense of Plaintiff, class members, and the general public.

83.    To prevent this unjust enrichment, Defendants should be required to make restitution to Plaintiff and class members, as identified in this Complaint (and as will be identified through discovery into Defendants' books and records).

84.    Plaintiff requests that the Court enter such orders or judgments as may be necessary to restore to any person in interest any money that may have been acquired by means of such unfair practices, as provided in section 17203 of the California Business and Professions Code.

85.    In other words, Plaintiff and the other assistant store manager employees are entitled to restitution of their unpaid wages damages improperly withheld by Defendants, as such funds should be distributed to the individuals who are rightfully entitled to such monies.

86.    Plaintiff and class members are "persons" within the meaning of section 17204 of the California Business and Professions Code, and each has standing to bring this cause of action.

87.    Pursuant to section 17203 of the California Code of Civil Procedure, Plaintiff, on behalf of himself and all current and former assistant store manager employees, requests restitution of all sums obtained by Defendants in violation of section 17200 *et seq.* of the California Business and Professions Code for the period of time from the four years preceding the filing of the Complaint through the date of the filing of a Motion for Class Certification.

88.    The named Plaintiff is a proper person to bring this litigation as a "representative action" to compel restitution. The named Plaintiff is a person who has suffered damage as a result of the unlawful actions of Defendants herein alleged. The actions of Defendants herein alleged are in violation of statute, the applicable wage order and in contravention of established public policy, and, accordingly,

Ex.3, Pg. 36

a court order compelling it to make restitution is a vindication of an important public right. The extent to which Defendants have been unjustly enriched as a result of its unlawful and unfair business practices is a matter that can be ascertained by examination of the payroll and accounting records that Defendants are required by law to keep and maintain and that Defendants have kept and maintained.

89.     The identity of the persons to whom restitution should be made is a matter that can be ascertained from those records that Defendants are required by law to keep and maintain and that they have kept and maintained.

90.     The conduct of Defendants, as alleged herein, has been deleterious to Plaintiff, class members, and the general public. Plaintiff's efforts in securing the requested relief will result "in the enforcement of an important right affecting the public interest," as "a significant benefit, whether pecuniary or nonpecuniary, [will] be[] conferred on . . . a large class of persons." Cal. Civ. Proc. Code § 1021.5. Moreover, because "the necessity and financial burden of private enforcement . . . are such as to make [an attorney's fee] award appropriate, and [because attorney's] fees should not in the interest of justice be paid out of the recovery, if any," id., Plaintiff requests that the Court also award reasonable attorney's fees pursuant to the provisions of section 1021.5 of the California Code of Civil Procedure.

91.     Pursuant to section 17205, the remedies and penalties provided by section 17200 *et seq.* are cumulative to the remedies and penalties available under all other laws of this state.

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1.     That this Court certify the subclasses described in this Complaint.

2.     That, with respect to the First Cause of Action, it be adjudged that the failure of Defendants to provide Plaintiff and Overtime Pay Class Members their unpaid overtime wages and/or minimum wages entitles Plaintiff and Overtime Pay Class Members damages in the amount of $70,000,000 or in an amount according to proof, interest thereon, reasonable attorneys' fees and cost of suit.

3.     That, with respect to the Second Cause of Action, it be adjudged that the failure of Defendants to provide Plaintiff and Meal Period Class Members proper meal periods and/or rest periods entitles Plaintiff and Meal Period Class Members to one additional hour of pay for each day a meal

period was missed and for each day a rest period was missed, in the amount of $15,000,000 or in an amount according to proof.

4.      That, with respect to the Third Cause of Action, this Court enter judgment in favor of Plaintiff and Class Members for damages in the amount of $1,600,000 or in amount according to proof, reasonable attorney's fees, and costs of suit, each according to proof, in accordance with section 226(e) of the California Labor Code.

5.      That, with respect to the Fourth Cause of Action, it be adjudged that the failure of Defendants to make payment of wages within the time prescribed by sections 201 and/or 202 of the California Labor Code was "willful" within the meaning of section 203 of the California Labor Code and that this Court award Plaintiff, Overtime Pay-Continuing Wages Class Members, and Meal Period-Continuing Wages Class Members continuing wages in the amount of $500,000 or in an amount according to proof.

6.      That, under the Fifth Cause of Action, it be adjudged that Defendants' violations of sections 201, 202, 203, 226, 226.7, 510, 512, 1174, 1174.5, 1194 and 1198 of the California Labor Code, violated section 17200 *et seq.* of the California Business and Professions Code.  Accordingly, Plaintiff requests that the Court order Defendants to pay restitution to class members in the form of underpaid compensation for missed meal period and rest periods, minimum wages and overtime compensation, and continuing wages unlawfully retained by Defendants, with interest.  Finally, Plaintiff requests that the Court award Plaintiff his reasonable attorney's fees and costs incurred in the prosecution of the Fourth Cause of Action pursuant to section 1021.5 of the California Code of Civil Procedure.

7.      For such further relief as the Court may order.

Plaintiff requests a trial by jury as to all causes of action.

DATED: May 5, 2011                                           LAW OFFICE OF JONATHAN RICASA


                                                                     _____
                                                                     Jonathan Ricasa
                                                                     *Attorney for Plaintiff*

**Exhibit 4**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Jonathan Ricasa (SBN 223550)
Law Office of Jonathan Ricasa
2341 Westwood Boulevard, Suite 7
Los Angeles, California 90064
TELEPHONE NO: (424) 248-0510    FAX NO. (Optional): (424) 204-0652
E-MAIL ADDRESS (Optional): jricasa@ricasalaw.com
ATTORNEY FOR (Name): Plaintiff Carlos Clifton

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, California 92501
BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF/PETITIONER: Carlos Clifton

DEFENDANT/RESPONDENT: AT&T Wireless Services Inc.

CASE NUMBER:
RIC 1107945

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Assignment to Dept for Case Mgt Purposes and Case Mgt Conf.

3. a. Party served *(specify name of party as shown on documents served):*
   AT&T Mobility LLC

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   C T Corporation System - Maria Sanchez - Person authorized to accept service of process

4. Address where the party was served:
   818 West 7th Street, Suite 200, Los Angeles, California 90017
5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* May 9, 2011    (2) at *(time):* 8:47 a.m.
   b. ☐ by substituted service. On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

**PROOF OF SERVICE OF SUMMONS**

| PLAINTIFF/PETITIONER: Carlos Clifton | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AT&T Wireless Services Inc. | RIC 1107945 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on (date):   (2) from (city):

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐  **by other means** (specify means of service and authorizing code section):

   ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of (specify):
   c. ☐ as occupant.
   d. ☑ On behalf of (specify):  AT&T Mobility LLC
      under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)        ☐ 415.46 (occupant)
                      ☑ other:  Corps C. section 17061 (service on LLC)

7.  **Person who served papers**
   a. Name:  Jonathan Ricasa
   b. Address: 2341 Westwood Boulevard, Los Angeles, California 90064
   c. Telephone number:  (424) 248-0510
   d. The fee for service was: $
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ a registered California process server:
         (i) ☐ owner  ☐ employee  ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: May 11, 2011

Jonathan Ricasa
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

## **PROOF OF SERVICE**

I am attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Law Office of Jonathan Ricasa, 2341 Westwood Boulevard, Suite 7, Los Angeles, California 90064. On May 11, 2011, I served the within document(s): **PROOF OF SERVICE OF SUMMONS.**

I caused such to be delivered by hand to:

N/a.

I caused such to be delivered by e-mail or fax to:

N/a.

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

AT&T Wireless Services Inc.
7277 164th Avenue Northeast, Building 1
Redmond, Washington 98052

AT&T Mobility LLC
C/o C T Corporation System
818 West 7th Street, Suite 200
Los Angeles, California 90017

AT&T Corp.
C/o C T Corporation System
818 West 7th Street, Suite 200
Los Angeles, California 90017

I declare under penalty of perjury that the above is true and correct. Executed on May 11, 2011, at Los Angeles, California.

Jonathan Ricasa

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jonathan Ricasa (SBN 223550)<br>Law Office of Jonathan Ricasa<br>2341 Westwood Boulevard, Suite 7<br>Los Angeles, California 90064<br>TELEPHONE NO: (424) 248-0510   FAX NO. *(Optional):* (424) 204-0652<br>E-MAIL ADDRESS *(Optional):* jricasa@ricasalaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Carlos Clifton | FOR COURT USE ONLY |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS: 4050 Main Street<br>CITY AND ZIP CODE: Riverside, California 92501<br>BRANCH NAME: Riverside Historic Courthouse | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Carlos Clifton<br><br>DEFENDANT/RESPONDENT: AT&T Wireless Services Inc. | CASE NUMBER:<br>RIC 1107945 |

| | |
|---|---|
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a. ☑ summons
    b. ☑ complaint
    c. ☑ Alternative Dispute Resolution (ADR) package
    d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐ cross-complaint
    f. ☑ other *(specify documents):* Notice of Assignment to Dept for Case Mgt Purposes and Case Mgt Conf.

3.  a.  Party served *(specify name of party as shown on documents served):*
        AT&T Corp.

    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
        C T Corporation System - Maria Sanchez - Person authorized to accept service of process

4.  Address where the party was served:
    818 West 7th Street, Suite 200, Los Angeles, California 90017
5.  I served the party *(check proper box)*
    a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* May 9, 2011   (2) at *(time):* 8:47 a.m.
    b. ☐ **by substituted service. On** *(date):*         at *(time):*         I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

    (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

    (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

    (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

    (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*         from *(city):*         or ☐ a declaration of mailing is attached.

    (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: Carlos Clifton | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AT&T Wireless Services Inc. | RIC 1107945 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:              (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify)*:  AT&T Corp.
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                  ☐ other:

7. **Person who served papers**
  a. Name:  Jonathan Ricasa
  b. Address: 2341 Westwood Boulevard, Los Angeles, California 90064
  c. Telephone number: (424) 248-0510
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner  ☐ employee  ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  May 11, 2011

Jonathan Ricasa
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        ▶      _____
                                              (SIGNATURE )

Ex.4, Pg. 43

**PROOF OF SERVICE**

I am attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Law Office of Jonathan Ricasa, 2341 Westwood Boulevard, Suite 7, Los Angeles, California 90064. On May 11, 2011, I served the within document(s): **PROOF OF SERVICE OF SUMMONS.**

I caused such to be delivered by hand to:

N/a.

I caused such to be delivered by e-mail or fax to:

N/a.

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

AT&T Wireless Services Inc.
7277 164th Avenue Northeast, Building 1
Redmond, Washington 98052

AT&T Mobility LLC
C/o C T Corporation System
818 West 7th Street, Suite 200
Los Angeles, California 90017

AT&T Corp.
C/o C T Corporation System
818 West 7th Street, Suite 200
Los Angeles, California 90017

I declare under penalty of perjury that the above is true and correct. Executed on May 11, 2011, at Los Angeles, California.


_____
Jonathan Ricasa

## PROOF OF SERVICE

I, Debra A. Jackson, state:

My business address is 3 Park Plaza, 20th Floor, Irvine, CA 92614-8505. I am over the age of eighteen years and not a party to this action.

On the date set forth below, I served the foregoing document(s) described as:

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION)**

on the following person(s) in this action:

### SEE ATTACHED SERVICE LIST

☒ <u>BY FIRST CLASS MAIL</u>:  I am employed in the County of Orange County where the mailing occurred.  I enclosed the document(s) identified above in a sealed envelope or package addressed to the person(s) listed above, with postage fully paid.  I placed the envelope or package for collection and mailing, following our ordinary business practice.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on June 8, 2011, at Irvine, California.

Debra A. Jackson

1

## SERVICE LIST

2

## CARLOS CLIFTON v. AT&T WIRELESS SERVICES INC., et al.

3

4

5

6

7

8

| Jonathan Ricasa, Esq.<br>LAW OFFICE OF JONATHAN RICASA<br>2341 Westwood Blvd., Suite 7<br>Los Angeles, CA  90064<br>Telephone:  424-248-0510<br>Fax:  424-204-0652<br>E-mail:  jricasa@ricasalaw.com | Attorneys for Plaintiff<br>Carlos Clifton |
|---|---|

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28